IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cr-30013-SMY |
| | ) |
| ASHLEY N. MCKINNEY, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Ashley McKinney pleaded guilty to one count of conspiracy to commit wire fraud and bank fraud in violation of 18 U.S.C. § 1349 (Count 1), one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Count 3), and one count of money laundering in violation of 18 U.S.C. § 1957(a) (Count 4).  She was sentenced to 54 months' imprisonment on November 22, 2022: 30 months on Counts 1 and 4, to be served concurrently to each other, and 24 months on Count 3, to be served consecutive to Counts 1 and 4 (Doc. 75).  Now pending before the Court is McKinney's motion for a reduction of her criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 94).  The Government does not oppose the motion (Doc. 98).

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023.  Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points.  Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified

aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

McKinney is eligible for a reduction under Part A of Amendment 821. McKinney's total offense level at sentencing was 15 and her criminal history category was III, which yielded a Guidelines sentencing range of 24-30 months imprisonment on Counts 1 and 4 and a mandatory consecutive sentence of 24 months on Count 3. Under Amendment 821, McKinney's criminal history points are reduced to 2 from 4 and her criminal history category is reduced from III to II, resulting in a lowered Guidelines range of 21-27 months on Counts 1 and 4; the 24-month mandatory consecutive sentence on Count 3 remains unchanged.

Having also considered the applicable factors under 18 U.S.C. § 3553(a), the Court **GRANTS** the motion (Doc. 94) and reduces McKinney's sentence from 54 to 51 months' imprisonment (27 months on Counts 1 and 4; a consecutive 24 months on Count 3). The Court attaches its standard order (AO Form 247) reflecting the sentence reduction.

IT IS SO ORDERED.

DATED: April 3, 2024

**STACI M. YANDLE**
**United States District Judge**